THE D. T. OWEN CO. v. KALASINSKI.

*Workmen's compensation—Civil liability of employer—Defective guard upon wood-cutting machine—Section 1027, General Code.*

Where an employer furnishes a guard for wood-cutting machinery and such guard has become to the knowledge of both the employer and employe temporarily out of order and incapable of performing its functions, and such defect is the proximate cause of an injury sustained by the employe, the employer is guilty of a failure to comply with the lawful requirement contained in paragraph 7 of Section 1027, General Code, requiring employers to guard all wood-cutting machinery.

(Decided May 23, 1919.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Payer, Winch, Minshall & Karch,* for plaintiff in error.

*Mr. S. V. McMahon* and *Mr. F. W. Zimmerman,* for defendant in error.

WASHBURN, J. Peter Kalasinski, defendant in error, brought suit in the common pleas court against The D. T. Owen Company, plaintiff in error, and recovered a judgment for personal injuries suffered by him while in the employ of that company.

The D. T. Owen Company was a contributor under the Workmen's Compensation Act, and it is conceded that the injured employe could not prosecute this action unless his injury was caused by the failure of the company to comply with a lawful requirement for his protection.

The claim of the plaintiff below was that he was employed upon a wood-cutting machine, and that the

company failed to guard the same, as required by paragraph 7, Section 1027, General Code. It is true that the petition alleged that no guard was furnished, but the trial proceeded from the opening statement to its close upon the claim that a guard which was out of order and incapable of performing its functions was furnished, and we are satisfied from the record that the jury, when they answered an interrogatory to the effect that there was a guard on the machine at the time of the injury, meant that there was a guard which was incapable of performing its function. It is conceded that if the company was guilty of a failure to comply with the lawful requirement for the protection of its employe, and the injury was caused by reason of such failure, there is then no error in the record and the judgment should be affirmed. But the claim is made that a guard was furnished, and that the jury so found, and that therefore the company did not fail to comply with the lawful requirement mentioned.

As presented to us by the briefs and arguments of counsel, and the record, the controlling question, as we view it, is, where an employer furnishes a guard for wood-cutting machinery, but at the time of an accident to an employe such guard is to the knowledge of both the employer and employe temporarily out of order, and incapable of performing its functions, which defect is the proximate cause of the injury, is the employer guilty of a failure to comply with the lawful requirement contained in paragraph 7, Section 1027, General Code, which provides that employers shall guard all wood-cutting machinery?

The object of the statute, as declared therein, is to prevent injury to employes; and to accomplish that result the employer is required to "guard" the

machinery, not merely to furnish a guard. Where the evidence discloses, as it does in this case, that there is a guard, which, when in working order accomplishes the result desired, we think the employer fails to comply with this statute when he directs or permits an employe to use such machinery when the guard is so out of order as to be incapable of performing its function.

When the guard totally fails to perform its function, and the employer has actual knowledge of that fact, or when because of the time it has been out of order, or other proper circumstances, the employer is charged with such knowledge, then it is his duty to either restore the guard to working order or cease the use of the machine, and if he permits the use of the machine without the guard he fails to comply with the lawful requirements of the statute. The employer is not merely required to furnish a guard, but he is required to guard the machinery *while in use.*

Under this construction of the statute we do not think that the special findings of fact made by the jury, in answer to interrogatories, when considered with and in the light of the record, were irreconcilable with the general verdict.

*Judgment affirmed.*

DUNLAP, P. J., and VICKERY, J., concur.